O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY MANSDORF, individually and as Trustee of the Mansdorf Family Trust , <br><br> Plaintiff, <br><br> v. <br><br> WALLACE PATRICK MORIARTY; RUFUS VON THALEN RHOADES; SUSAN RHOADES; MICHELE GIACOMAZZA; KATHRYN GATTO; JANICE McCLANAHAN; TIMOTHY B. SOTTILE; THOMAS CACCIATORE; RICHARD PERCELL; WHITEBIRD, INC.; IMAGES N THIS INC; THE WALKEMPLUE TRUST, <br><br> Defendants. | Case No. CV 12-01339 DDP (JCGx) <br><br> **ORDER DENYING PLAINTIFF"S EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** |

Presently before the court is Plaintiff's Application Preventing the Sale of Trust Assets.[1] Plaintiff seeks an order enjoining Defendants from selling (1) the "Mansdorf family home,"

_____

[1] Jaime Gonzalez has replaced the late Harry Mansdorf as Trustee of the Mansdorf Family Trust.  Jamie Gonzalez and Linda Mansdorf have been appointed co-executors of Harry Mansdorf's estate.  See Dkt. Nos. 96, 97.  Plaintiff's request that the estate of Harry Mansdorf be substituted as real party in interest in Mansdorf's stead is GRANTED.

1  currently scheduled to be sold at a sheriff's sale on October 31,

2  2012, and (2) "certain lands located in La Tuna Canyon."

3      A temporary restraining order is meant to be used only in

4  extraordinary circumstances.  To establish entitlement to a TRO,

5  the requesting party must show (1) that he is likely to succeed on

6  the merits, (2) that he is likely to suffer irreparable harm in the

7  absence of preliminary relief, (3) that the balance of equities

8  tips in his favor, and (4) that an injunction is in the public

9  interest.  <u>Winter v. Natural Res. Defense Counsel</u>, 555 U.S. 7, 20

10  (2008).  A TRO may be warranted where a party (1) shows a

11  combination of probable success on the merits and the possibility

12  of irreparable harm, or (2)raises serious questions and the balance

13  of hardships tips in favor of a TRO.  <u>See</u> <u>Arcamuzi v. Continental</u>

14  <u>Air Lines, Inc.</u>, 819 F.2d 935, 937 (9th Cir. 1987).  "These two

15  formulations represent two points on a sliding scale in which the

16  required degree of irreparable harm increases as the probability of

17  success decreases."  <u>Id</u>.  Under both formulations, however, the

18  party must demonstrate a "fair chance of success on the merits" and

19  a "significant threat of irreparable injury."[2]  <u>Id</u>.

20      The court has reviewed Plaintiff's complaint, application, and

21  accompanying documents.  The court is not persuaded that, in this

22  case, Plaintiff has adequately shown a fair chance of success on

23  the merits or a significant threat of irreparable harm.

24

25  _____

26      [2] Even under the "serious interests" sliding scale test, a
plaintiff must satisfy the four <u>Winter</u> factors and demonstrate

27  "that there is a likelihood of irreparable injury and that the
injunction is in the public interest."  <u>Alliance for the Wild</u>

28  <u>Rockies v. Cottrell</u>, 632 F.3d 1127, 1135 (9th Cir. 2011).

1    As indicated by this court's Order to Show Cause re: Federal

2  Claims (Dkt. No. 104), the court has serious jurisdictional

3  concerns regarding this action.  To maintain a claim under the

4  Racketeer Influenced and Corrupt Organizations provisions of the

5  Organized Crime Control Act of 1970, 18 U.S.C. § 1961, et seq.

6  ("RICO"), Plaintiff must show conduct of an enterprise through a

7  pattern of racketeering activity, and show that such racketeering

8  activity was a but-for cause and proximate cause of his injuries.

9  Rezner v. Bayerische Hypo-Und Vereinsbank AG, 630 F.3d 866, 873

10 (9th Cir. 2010).  To succeed with his claim under 42 U.S.C. § 1983,

11 Plaintiff must show that there is such a close nexus between state

12 authorities and the private entity Defendants that Defendants'

13 private behavior constitutes state action.  Villegas v. Gilroy

14 Garlic Festival Ass'n., 541 F.3d 950, 955 (9th Cir. 2008).  At

15 present, the court is not satisfied that Plaintiff has adequately

16 pled a federal claim.  Absent any federal claim, this court lacks

17 subject matter jurisdiction, and Plaintiff cannot succeed on the

18 merits.

19    Furthermore, Plaintiff makes little effort to describe the

20 irreparable harm that he would suffer in the absence of a TRO.

21 Plaintiff conclusorily argues that he "will be irreparably harmed .

22 . . because the judgment upon which Defendant McClanahan is

23 executing upon (sic) was an illegal judgment . . . ."  (App. at

24 2:19-21).  Plaintiff later appears to contend that because the

25 Mansdorf family home is unique, sale of the home would cause

26 irreparable injury.[3]  (App. at 7:19-21.)  No individuals, however,

27 _____

28       [3] There is no indication in Plaintiff's Application that any
                                              (continued...)

3

1  remain as plaintiffs.  Rather, the current plaintiffs are the

2  estate of Harry Mansdorf and Jaime Gonzalez as Trustee of the

3  Mansdorf Family Trust.  In this context, it would appear that the

4  monetary relief sought will serve as an adequate remedy.  There is,

5  therefore, no threat of irreparable harm.

6       For these reasons, Plaintiff's Application for a Temporary

7  Restraining Order is DENIED.  The clerk's office is directed to

8  modify the case caption to reflect that the estate of Harry

9  Mansdorf has been substituted as real party in interest in place of

10  Harry Mansdorf individually.

11

12

13  IT IS SO ORDERED.

14

15

16  Dated: October 26, 2012
                                   DEAN D. PREGERSON
17                                 United States District Judge

18

19

20

21

22

23

24

25

26

27
_____

28      [3](...continued)
    action regarding the La Tuna Canyon property is imminent.