O

JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRY MANSDORF, individually and as Trustee of the Mansdorf Family Trust, <br><br>　　　　　Plaintiff,<br><br>　v.<br><br>WALLACE PATRICK MORIARTY; RUFUS VON THALEN RHOADES; SUSAN RHOADES; et al.<br><br>　　　　　Defendants.<br>_____ | Case No. CV 12-01339 DDP (JCGx)<br><br>**ORDER DISMISSING FEDERAL CLAIMS FOR FAILURE TO ADEQUATELY RESPOND TO ORDER TO SHOW CAUSE**<br><br>[LINK TO 133 - DENIED] |

　　On October 25, 2012, this court ordered Plaintiff to file a Federal Claims Case Statement, explaining in detail the basis for his federal claims under 42 U.S.C. § 1983 and 18 U.S.C. § 1961. Plaintiff was ordered to file his case statement no later than November 1, 2012. (Order, Dkt. No. 104.) The Order explicitly stated that "[f]ailure to adequately respond . . . may result in the dismissal with prejudice of all federal claims for relief." (Id.)

///

On October 30, Plaintiff filed a "request" that the court extend the response date to November 9 because Plaintiff's counsel had been out of the country since October 24. Notwithstanding that Plaintiff should have filed an ex parte application for a continuance rather than a "request," and despite the fact that Plaintiff's counsel was apparently able to file an Ex Parte Application for a Temporary Restraining Order on the very day he claimed to have left the country, the court granted Plaintiff's request for an extension of time to November 9.[1] [2]

Plaintiff did not file a response by the November 9 deadline. Nor did Plaintiff file any request for a continuance prior to the expiry of the extended November 9 deadline. Instead, Plaintiff filed a response on November 11, without any explanation for the untimely filing. On November 13, 2012, almost two weeks after the original November 1 deadline and four days after the extended, November 9 deadline, Plaintiff filed another "request" for a continuance.

Plaintiffs untimely request that the court retroactively extend the filing period for a second time is denied.

Even if the court were to consider Plaintiff's untimely response, Plaintiff's Statement does not adequately address the

---

[1] It is unclear to the court how Plaintiff's counsel intended to appear for any potential hearing on Plaintiff's application for a Temporary Restraining Order, or, had the TRO been granted, for a preliminary injunction hearing. See Fed. R. Civ. P. 65(b).

[2] The court notes that this was not the first time Plaintiff received an extension of time after failing to meet court deadlines. The court dismissed Plaintiff's Second Amended Complaint, but granted Plaintiff leave to amend. Though Plaintiff failed to properly file the Third Amended Complaint within the specified time period, the court granted Plaintiff an extension of time so as to allow him to file properly.

court's concerns as to the viability of Plaintiff's federal claims. Largely a recitation of the complaint, Plaintiff's Statement does not identify any state action or nexus between state authorities and any Defendant, as is required to maintain a claim under 42 U.S.C. § 1983.  See Villegas v. Gilroy Garlic Festival Ass'n., 541 F.3d 950, 955 (9th Cir. 2008).

Plaintiff's Statement, like the Third Amended Complaint and like the Second Amended Complaint before it, sets forth a series of unrelated embezzlement and fraud schemes regarding properties ranging from undeveloped land in La Tuna canyon to homes in Beverly Hills to cellular phone towers in Malibu, and involving a cast of characters that bear no relationship to one another or to any common activity.  In order to demonstrate a pattern of racketeering activity, however, a plaintiff "must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." H.J. Inc. v. NW Bell Tele. Co., 492 U.S. 229, 239(1989) (original emphasis omitted).  Neither the Third Amended Complaint nor Plaintiff's Statement makes this requisite showing.

For these reasons, Plaintiff's federal claims are DISMISSED with prejudice.  The court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.  The motions [docket numbers 111 and 129] are VACATED.

IT IS SO ORDERED.

Dated: November 15, 2012

DEAN D. PREGERSON
United States District Judge

3